## JOHN S. GRANT *vs.* JOANNA GALWAY.

Essex. Nov. 10, 1876. — March 2, 1877. COLT, DEVENS & LORD, JJ.,
absent.

A demandant in a writ of entry, counting on a seisin in fee and in mortgage, **may** show that he has title under two mortgages.

On a writ of entry, counting on a seisin in fee and in mortgage, the demandant put in evidence two mortgages from A.: one to a third person, dated June 12, 1860, and recorded the next day, and an assignment of the mortgage to the demandant, dated April 4, 1874, and recorded October 2, 1876; the other from A. to the demandant, dated December 23, 1868, and recorded January 9, 1869. The tenant put in evidence to show that on March 31, 1857, she furnished A. with money to purchase the demanded premises, and brought a bill in equity on March 30, 1869, against him, to compel a conveyance of the land in question, on the ground that he had fraudulently taken a deed of it in his own name, and that she obtained a decree in her favor. It was found as a fact that the mortgagees had not received notice of the tenant's claim of title at the time the mortgages were given. Judgment was ordered for the demandant. *Held*, that the tenant had no ground of exception.

WRIT OF ENTRY, dated May 22, 1875, the demandant counting on a seisin " as of fee and in mortgage." Plea, *nul disseisin*, with a specification of defence that the tenant was in possession of a described portion of the demanded premises under claim of right, and a disclaimer of title as to the residue.

Trial in the Superior Court, without a jury, before *Bacon*, J., who allowed a bill of exceptions in substance as follows :

The demandant offered in evidence a mortgage of the demanded premises from one James Galway to Samuel Symonds, dated June 12, 1860, and recorded June 13, 1860, and an assignment of the mortgage from Symonds to him, dated April 4, 1874, and recorded October 2, 1876. The demandant also offered in evidence another mortgage from James Galway to him, covering the same premises, dated December 23, 1868, and recorded January 9, 1869. The tenant objected that the demandant, having introduced one mortgage, could not put in another in the same action; but the judge admitted it.

On cross-examination, the demandant testified that he had heard of a dispute between James Galway and the tenant while she was in possession, claiming some part of the premises, and that James Galway either ejected the tenant or attempted to,

but when this was he could not state, and that he never heard of the tenant's claim prior to taking the two mortgages.

The tenant then offered in evidence a warranty deed, dated June 7, 1870, and recorded September 15, 1870, from James Galway, covering that portion of the premises claimed by her, which deed, after the description therein, contained the following : " The same being the equitable share and proportion assigned in severalty, which, upon the terms and conditions of the original purchase, the said grantee was entitled to have in and of the estate conveyed to me by deed from Fitch Poole, dated March 31, A. D. 1857, and recorded in the Essex County (South) Registry of Deeds, book 556, leaf 237, as ascertained and determined by decree of the Supreme Judicial Court sitting in equity, in and for said county, at Salem, passed November 30, A. D. 1869, in a suit in equity therein pending between the said Joanna Galway, plaintiff, and me the said James Galway, defendant."

The judge allowed the tenant to put in evidence, against the demandant's objection, a bill in equity brought by the tenant against James Galway, the decree of the court therein in her favor, and the report of the master, which was accepted by the court. The bill was filed on March 30, 1869, and was brought to compel James Galway to convey to the tenant that portion of the land described in the demandant's writ, and claimed by the tenant, which James Galway had fraudulently taken a deed of in his own name.

The tenant then testified that on March 31, 1857, she furnished James Galway with money to purchase the premises described in the demandant's writ, on the condition that her name should be in the deed; that in June, 1868, James Galway purchased a house and moved it upon the premises ; that in July, 1868, she and James Galway arranged as to a division, he taking one part of the house, and she taking that part claimed in her plea and described in her deed, and that she had always occupied her part to the present time, claiming title ;° and that, in the spring of 1868, James Galway attempted to eject her from the premises, claiming she had no title.

The tenant thereupon asked the judge to rule upon the evidence, as matter of law, that the tenant, being the owner of one

fifth of the premises at the date of the original purchase, as de-
termined by the court of equity, and having been in possession
of the premises from the date of the original purchase and prior
to the date of either mortgage, claiming title to that portion de-
scribed in her answer and decreed to her in equity, the demand-
ant was not entitled to recover against her upon the one fifth
claimed in her plea.

The judge declined so to rule, and ruled that the demandant
was entitled to recover against the tenant, the mortgagees not
having received notice of the tenant's claim of title at the time
the mortgages were given.

The judge found for the demandant; and the tenant alleged ex-
ceptions.

*C. Sewall*, for the tenant.   1. There is no allegation in the
writ that the action is for the purpose of foreclosing more than
one mortgage; and the judgment does not show whether it was
upon one or both mortgages put in evidence.   If the ruling of
the judge is correct, and it is not necessary that the pleadings
should show that the demandant sought to foreclose more than
one mortgage, then he may prove title by one mortgage and file
several in the clerk's office upon which to have his judgment
made up; or he may offer in evidence several mortgages to
prove title, and then select one upon which to have his judgment
made up.   The demandant, seeking to foreclose, declaring upon
his mortgage title, must stand or fall upon his mortgage title.
If it were otherwise, the rights of the parties in equity to re-
deem might be jeoparded; for instance, if the mortgage title
was defective, and the plaintiff is permitted to introduce other
record evidence of his title to support his defective mortgage
title, and a general judgment is rendered, the tenant, should he
wish to redeem, would be compelled to pay a mortgage upon
which the demandant could not recover.

2. It appears by the exceptions that the demandant, prior to
the taking of the second mortgage, knew of the tenant's claim
to a part of the premises as early as the spring of 1868, when
James Galway attempted to eject her, although he afterwards
denied it.   If he did know the fact, or if he took the second
mortgage under the circumstances which he testifies to, then the
rights of the parties as to the second mortgage differ from their

rights as to the first, and therefore the plaintiff had no right to support one mortgage title by another, without setting them forth in some form in his writ.

3. The tenant contends that the mortgagor, James Galway, never was seised of the one fifth claimed by her, and therefore could not convey a valid title as against her, and the mortgages did not attach upon the one fifth of which she was seised and in possession from the time of the purchase.

*S. C. Bancroft*, for the demandant.

AMES, J. The demandant counts upon his alleged seisin as of fee and in mortgage. The fact that he held two mortgages upon the same property cannot be made use of to weaken his title. He had a right to put in his whole title, and could not lawfully be confined to a part of it only. Upon the tenant's motion for a conditional judgment, her rights would be amply protected against the risks and inconveniences suggested by her counsel in the argument. The two mortgages were therefore rightfully admitted in evidence.

As the evidence given at the trial is not fully reported in the bill of exceptions, we find no error in the rulings of the court as to any actual notice to the demandant, before his title accrued, of any adverse claim on the part of the tenant. Her suit in equity against James Galway, whatever effect it might have under the rule that *lis pendens* is constructive notice to all subsequent purchasers of the property in litigation, would have no such effect upon the rights of the demandant in his mortgage bearing date December 23, 1868. It appears that that mortgage was recorded before the tenant's bill in equity against James Galway was filed. The ruling requested upon this subject was therefore properly refused, and that which the court gave was correct.                              *Exceptions overruled.*